STEPHENS, Appellee,

v.

CRESTVIEW CADILLAC, INC., Appellee;

Hazelbaker, Appellant.

[Cite as *Stephens v. Crestview Cadillac, Inc.* (1989), 64 Ohio App.3d 129.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–177.

Decided Dec. 21, 1989.

*Crabbe, Brown, Jones, Potts & Schmidt, James A. Meaney* and *Keith E. Whann,* for appellee Crestview Cadillac, Inc.

*Fry & Waller Co., L.P.A., Rick L. Brunner* and *Barry A. Waller,* for appellant.

REILLY, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas overruling plaintiff's motion for attorney fees. Third-party defendant, Ralph E. Hazelbaker ("Hazelbaker"), alleged that defendant's third-party complaint against him was frivolous conduct in violation of Ohio's newly enacted R.C. 2323.51.

The original plaintiff in this action, Charles E. Stephens, bought a 1978 Cadillac automobile from defendant, Crestview Cadillac, Inc. ("Crestview"), in November 1982. When the automobile developed repair problems, he discov-

ered that there was a discrepancy in the mileage noted on the vehicle's certificate of title. An examination of a previous certificate in the chain of title showed that the odometer reading had actually gone down during one year of use while the vehicle was being leased. Plaintiff sued Crestview for providing false mileage information in connection with a certificate of title in violation of R.C. 4549.46, Ohio's Odometer Rollback and Disclosure Law.

At the time the discrepancy in mileage occurred, the vehicle was owned by Daryl Sanders Cadillac, Inc. (Crestview apparently merged or purchased the Daryl Sanders business later.) Daryl Sanders was leasing the vehicle to third-party defendant, Americare Corporation ("Americare"), during this time period. Hazelbaker was the president of Americare.

After investigation of the claim against it, Crestview discovered that one of its employees had information that Hazelbaker had provided Crestview with the erroneous mileage numbers. Hence, Crestview joined Americare and Hazelbaker as parties on the basis that they were ultimately at fault for fraudulently misrepresenting the mileage or negligently providing Crestview the wrong mileage.

Crestview eventually settled with plaintiff, but it did not immediately dismiss its third-party complaint against Hazelbaker. Consequently, Hazelbaker filed a motion claiming frivolous conduct by Crestview for both initiating and continuing to maintain the action against him. The trial court denied the motion and Hazelbaker appealed.

Hazelbaker's sole assignment of error asserts that:

"The trial court erred in failing to find the appellee engaged in frivolous conduct within the meaning of O.R.C. § 2323.51."

Hazelbaker advances several arguments in support of this assignment of error. First, he contends that Crestview's action was based on inadequate investigation. Second, he maintains that Crestview had no legal basis to assert its claim under the Odometer Rollback and Disclosure Law. Finally, Hazelbaker argues that Crestview's failure to dismiss its third-party complaint after settling with plaintiff was frivolous.

■ R.C. 2323.51 allows a court, upon motion, to award attorney fees in civil actions to parties affected by "frivolous conduct," which is defined in subsection (A) as:

"(2) * * * [C]onduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

Under the statute, the court is required to conduct a hearing on the motion, and the court may assess fees against a party or his attorney.

Hazelbaker maintains, as indicated above, that Crestview should have investigated more thoroughly prior to instituting the action against him. Hazelbaker particularly notes that the only basis for believing he provided erroneous information was through an affidavit of one of Crestview's employees. The employee said that he had called Hazelbaker about the mistaken information on the certificate. He said that Hazelbaker admitted providing the information to Crestview, and admitted guessing at the numbers. Crestview contends that such an admission, which was included in a sworn affidavit by the Crestview employee, provided sufficient information to institute an action for fraudulent misrepresentation or negligence. Hazelbaker, however, claims that Crestview should have inquired further of its employees, and that reliance on one employee as its sole witness was frivolous conduct.

To analyze whether it was frivolous to initiate this action, we turn to the procedural rules which establish the requirements for commencing such suits. We first must note that the Rules of Civil Procedure require more particularity when fraud is the basis of the claim. Civ.R. 9(B). This is because such allegations create a greater risk of harm to a defendant's reputation. *Korodi v. Minot* (1987), 40 Ohio App.3d 1, 531 N.E.2d 318. Hence, the particularity requirements of Civ.R. 9(B) serve to put the defendant on more specific notice of the concrete set of facts that plaintiff claims constitute fraud. But, as this court wrote in *Korodi:*

"The importance of notice, however, must be tempered by the provisions of Civ.R. 8(A)(1) and (E). * * *" *Id.* at 4, 531 N.E.2d at 322.

In *Korodi, supra,* this court established the standard for satisfying the particularity requirement in the context of a claim for fraud. The *Korodi* court held that Civ.R. 9(B) means that:

" * * * (1) [P]laintiff must specify the statements claimed to be false; (2) the complaint must state the time and place where the statements were made; and, (3) plaintiff must identify the defendant claimed to have made the statement. * * *" *Id.* at 4, 531 N.E.2d at 322.

In this case, Count 2 of Crestview's complaint states the following facts on which the claim of fraud was based:

"3. Upon information and belief, Third Party Defendant, Ralph Hazelbaker, an officer of Americare Corp., utilized and operated the vehicle leased by Third Party Defendant, Americare Corp.

"4. Defendant and Third Party Plaintiff states that Third Party Defendant Hazelbaker, when requested by Defendant and Third Party Plaintiff's predecessors on or about May 20, 1980, mis-stated, mis-quoted, or guessed at the mileage of the vehicle identified in Plaintiff's Complaint.

"5. Defendant and Third Party Plaintiff relied upon the statement of Third Party Defendant Hazelbaker when recording the mileage upon a Certificate of Title No. 250015312 (copy attached as Exhibit B) dated May 20, 1980 and such statement was material to the transaction.

"6. Defendant and Third Party Plaintiff states that Third Party Defendants, Americare Corp. and Hazelbaker, were in sole and exclusive possession of the vehicle identified in Plaintiff's Complaint at the time of the May 20, 1980 transfer from Daryl Sanders Cadillac Leasing, Inc. to Daryl Sanders Cadillac, Inc.

"7. Third Party Defendants were aware that Defendant and Third Party Plaintiff's predecessors were relying upon the statements of Third Party Defendant Hazelbaker to record the mileage accurately upon a Certificate of Title and made said statement of mileage to the predecessors with utter and reckless disregard of the true mileage on the vehicle described in Plaintiff's Complaint.

"8. Defendant and Third Party Plaintiff relief [*sic*] upon the representation of the Third Party Defendants to its detriment and accordingly Defendant and Third Party Plaintiff is now exposed to liability to the Plaintiff.

"9. Third Party Defendants negligently mis-stated the mileage on the vehicle described in the Plaintiff's Complaint.

"10. Defendant and Third Party Plaintiff states that, as a result of the negligence of the Third Party Defendants, the Third Party Defendants are liable to the Defendant and Third Party Plaintiff for all damage which may be assessed against it by reason of the Plaintiff's Complaint."

Under *Korodi*, these allegations satisfy the requirements of Civ.R. 9(B). Crestview "specifies the statements claimed to be false" in paragraph four, stating that Hazelbaker " * * * on or about May 20, 1980, mis-stated, mis-quoted, or guessed at the mileage of the vehicle identified in Plaintiff's Complaint." Crestview stated the time and place in the same paragraph when read with paragraph three. By implication, the communication occurred between Crestview's predecessors to the lessees Americare and Hazelbaker. Further, Crestview identified Hazelbaker as the person claimed to have made

the statement in paragraph four by saying that it was he who " * * * misstated, mis-quoted or guessed at * * * " the mileage. Consequently, Crestview's complaint satisfies the *Korodi* standard, and meets the particularity requirements of Civ.R. 9(B).

Hence, Hazelbaker's argument that Crestview failed to investigate before filing an action is not well taken. Although Crestview's sole witness subsequently modified his position when deposed, nothing in the record indicates that he was a questionable source. His testimony during the later deposition simply showed that he had insufficient recollection of what was said. Considering that the frivolous conduct statute was patterned after the Disciplinary Rules,[1] it would appear that the General Assembly intended to sanction egregious conduct, not mere misjudgment or tactical error.

■ Hazelbaker's second argument is also not well taken. Hazelbaker contends that it was frivolous conduct for Crestview to sue him because, under R.C. 4549.46, the Odometer Rollback and Disclosure Law, the transferor (Crestview) must obtain a written disclosure from the prior owner. Thus, Hazelbaker argues, Crestview had no right to rely on Hazelbaker's alleged mileage misstatements. In essence, Hazelbaker claims that Crestview's exclusive remedy for fraud must be made pursuant to R.C. 4549.46. Thus, he maintains that filing the action was frivolous because no legal grounds existed and Crestview could not make a good faith argument for an extension of the law.

It is noted that Crestview's complaint indicates that the cause of action is not expressly predicated on R.C. 4549.46, but is a tort action for fraudulent misrepresentation or negligence. R.C. 4549.46(B) provides:

"No dealer or wholesaler who acquires ownership of a motor vehicle shall accept any written odometer disclosure statement unless the statement is completed as required by section 4505.06 of the Revised Code."

By contrast, R.C. 4549.46(C) provides that:

"A motor vehicle leasing dealer may obtain a written odometer disclosure statement completed as required by section 4505.06 of the Revised Code from a motor vehicle lessee that can be used as prima-facie evidence in any legal action arising under sections 4549.41 to 4549.46 of the Revised Code."

Since at the time the misstatements occurred when the vehicle was being *leased,* it appears that subsection (C) applied. Clearly, the language of R.C. 4549.46(C) states that a lessor may obtain a written odometer disclosure statement, while a dealer or wholesaler under R.C. 4549.46(B) shall obtain

---

1. See DR 7–102(A).

such a disclosure. Thus, Crestview or its predecessors were not obligated under the statute to rely solely on such a written statement. Hence, even if R.C. 4549.46 does in fact establish reliance between dealers and wholesalers, it does not do so with respect to lessors and lessees. Thus, Crestview did not lack good faith in asserting its claim against Hazelbaker on the basis of the statute. The claim was based on alleged fraudulent misrepresentations and negligence. As such, it was a valid cause of action. See *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. Hence, it did not constitute frivolous conduct.

 Hazelbaker's third argument that Crestview should have dismissed its third-party complaint after settling the primary claim with plaintiff is also not well taken. Civ.R. 14(A) does not require such a dismissal.

Hazelbaker's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment Affirmed.*

BOWMAN and JOHN C. YOUNG, concur.