MASTURZO et al., Appellees,

v.

REVERE ROAD SYNAGOGUE et al., Appellants.

[Cite as *Masturzo v. Revere Rd. Synagogue* (1994), 98 Ohio App.3d 347.]

Court of Appeals of Ohio,
Summit County.

No. 16733.

Decided Nov. 2, 1994.

*Michael E. Ciccolini,* for appellees.

*G. Michael Curtin,* for appellants.

---

BAIRD, Judge.

This cause comes before the court upon the appeal of Revere Road Synagogue, d.b.a. Akron Square Bingo, et al. (collectively, "appellant") from the order of the Summit County Court of Common Pleas finding that appellant and its attorney engaged in frivolous conduct, pursuant to R.C. 2323.51(A)(2)(a), with respect to J.J. Gumberg & Company ("appellee").

This action stems from a collateral action in which Dorothy Masturzo and Joseph Masturzo filed an amended complaint against appellant and General Cinema Beverages of Akron, Inc. alleging that on August 3, 1991, Dorothy Masturzo suffered an electrical shock as the result of appellant's negligence in maintaining electrical systems on its rented premises. On October 18, 1993, appellant filed an answer that included a third-party complaint against: (1) appellee, as "leasing agent for the premises wherein the plaintiffs allegedly sustained injury" and, in the alternative, (2) John Doe Leasing Company as the "organization that leased the premises wherein the plaintiffs allegedly sustained injuries." Appellant sought indemnification and/or contribution from appellee and/or from John Doe Leasing Company.

On January 6, 1994, following several leaves to plead, appellee filed an answer and cross-complaint, seeking dismissal as third-party defendant and sanctions against appellant. On January 7, 1994, appellee moved for summary judgment. On January 14, 1994, appellant dismissed appellee from its third-party complaint by "stipulated" dismissal entry, and on January 21, 1994, appellant corrected the January 12 "stipulated" dismissal by filing a voluntary dismissal.

On January 27, appellee moved for attorney fees, pursuant to R.C. 2323.51, alleging that appellant "and/or their attorney engaged in frivolous conduct by virtue of the filing of the Third Party Complaint against Gumberg."

Following a hearing, the Summit County Court of Common Pleas ruled that appellant and its attorney were guilty of frivolous conduct in violation of R.C. 2323.51(A)(2)(a) and awarded attorney fees in the amount of $2,800. Appellant appeals, citing two assignments of error.

## Assignment of Error No. 1

"The trial court abused its discretion when utilizing an improper standard not contemplated by Revised Code § 2323.51 and in finding any evidence of frivolous conduct as contemplated by Revised Code § 2323.51."

■ Appellant argues that the trial court applied the wrong standard in finding its conduct frivolous pursuant to R.C. 2323.51(A)(2) because, at the conclusion of the hearing held in this matter, the court indicated that it would be looking into the question of whether appellant had acted in bad faith. Despite the comments made at the hearing relative to good faith and bad faith, the court issued its order on the basis of a finding of frivolous conduct pursuant to R.C. 2323.51(A)(2)(a). Because a court speaks only through its journal and not by oral pronouncement (*Schenley v. Kauth* [1953], 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus), we will address only the findings in the court's journalized order, which found that appellant's conduct violated R.C. 2323.51(A)(2)(a). In determining whether a trial court erred in finding frivolous conduct pursuant to R.C. 2323.51(A)(2)(a), an appellate court must consider whether there was sufficient evidence to support the trial court's determination. In *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus, the Supreme Court of Ohio set forth the standard for testing the sufficiency of evidence in a civil matter:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence."

R.C. 2323.51(B) permits the court to award attorney fees to any party to a civil action who is adversely affected by frivolous conduct. Pursuant to R.C. 2323.51(A):

"(1) 'Conduct' means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action.

"(2) 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

■ Appellant argues that its conduct did not rise to the level of "frivolous conduct," as defined by R.C. 2323.51(A)(2), because the only finding of fault made by the trial court was that appellant's attorney failed to determine the true owner of the property on which the accident occurred by reviewing records in the Summit County Recorder's Office.

Contrary to appellant's argument, the court stated in its order that (1) since appellee had not been leasing agent for the premises for a full two years prior to

the injury, appellee should have been dismissed from the lawsuit when that information was made known; (2) on November 16, 1993, appellant was put on notice that appellee had no interest in the property on which the injury occurred; (3) a letter from appellant's attorney states that appellee was named in the lawsuit because appellee was uncooperative; (4) appellant's attorney failed to take any steps to determine the owner of the property, such as reviewing records at the Summit County Recorder's Office; and (5) based upon information provided by appellee, appellant's attorney had a duty to ascertain the owner of the property and clarify the propriety of its conduct towards appellee.

In her testimony at the hearing, appellee's attorney stated that (1) as early as October 28, 1993, she informed appellant's attorney that appellee was not leasing agent for the property when Masturzo's injury occurred and that any interest appellee had in the property was transferred prior to that date; (2) appellant's attorney indicated he would like an affidavit from appellee disclaiming any interest in the property; (3) such affidavit was provided to appellant along with a letter dated November 16, 1993, requesting that appellee be dismissed from the suit; (4) pursuant to a letter dated December 6, 1993, appellant refused to voluntarily dismiss appellee, requesting that appellee disclose the identity of the transferee of its interest; (5) on December 13, 1993, appellee's counsel provided appellant with the name of appellee's transferee; (6) appellant again refused to voluntarily dismiss unless appellee's counsel agreed to permit the current leasing agent to be substituted as a third-party defendant; (7) in a letter dated January 3, 1994, appellee's counsel stated she could not agree to substitution and again requested dismissal; (8) appellant's counsel again did not dismiss; (9) appellee's attorney placed several phone calls to appellant's attorney, none of which was returned; (10) as a result, appellee was "forced" to prepare and file both an answer and motion for summary judgment on behalf of appellee; and (11) appellee, accordingly, incurred needless legal fees.

In an affidavit offered into evidence, appellant's attorney states that (1) prior to filing the third-party complaint, he was advised by Meridian Insurance Company that appellee was the leasing agent for the premises; (2) Meridian was not, however, positive as to the identification of the leasing agent, so he included "John Doe" as possible leasing agent; (3) he was out of the state from December 22, 1993 through January 4, 1994; (4) appellee's attorney requested no leaves to plead relative to the January 6 answer date; (5) appellee's attorney filed an answer and cross-claim on January 5, 1994, despite being told that appellee would be dismissed from the lawsuit; (6) on or about January 12, 1994, appellee was dismissed from the lawsuit, but for technical reasons, a subsequent dismissal entry was filed on or about January 21, 1994; (7) appellant's voluntary dismissal of appellee was in reply to appellee's January 3, 1994 letter, and was not in

response to its motion for summary judgment, because he was not yet aware of her motion for summary judgment.

The hearing exhibits included several pieces of correspondence:

(1) Appellee's November 16 letter to appellant transmitting the affidavit requested by appellant verifying that appellee had no interest in the property;

(2) A letter dated December 6 from appellant's attorney to appellee's attorney: (a) noting that appellee "had not been very cooperative when investigation had been undertaken and accordingly, was required to be named as a defendant in the lawsuit"; (b) requesting that appellee disclose the identity of the transferee of the property; (c) noting that, "You can further advise your client that if they had really cooperated and provided information to requesting parties, they might not have been dragged into this lawsuit"; and (d) stating that dismissal would be recommended to appellant "but I would request the information set forth above";

(3) A letter dated December 13, in which appellee, as requested, disclosed to appellant the identity of the transferee of its property interest;

(4) A letter dated December 21, in which appellant's attorney transmitted to appellee's attorney a "Dismissal Entry" that required appellee's attorney to consent to the naming of the transferee as the new third-party defendant before the dismissal would be filed;

(5) A letter dated December 30, six weeks after appellant was advised in writing that appellee had no interest in the property and a date on which appellant's attorney's affidavit states that he was out of town, investigating appellee's interest in contributing to a settlement of the Masturzo lawsuit.

Appellant directs this court to *Stephens v. Crestview Cadillac, Inc.* (1989), 64 Ohio App.3d 129, 580 N.E.2d 842, for a statement of the standards that should have been applied in this case. In *Stephens,* an automobile buyer brought an action against the seller for violation of the Odometer Rollback and Disclosure Law because the mileage stated on the car's certificate of title was less than the actual mileage on the car. In investigating the claim, one of seller's employees executed an affidavit stating that he had information that the lessee of the former owner had provided the seller with erroneous mileage numbers on the certificate of title. The employee stated that he had called the lessee about the discrepancy and that the lessee admitted guessing at the mileage figure he provided for the certificate of title. The seller asserted a third-party claim against the lessee for fraudulently misrepresenting the mileage. Lessee moved for attorney fees, claiming seller's frivolous conduct in both initiating and continuing to maintain an action against him. Specifically, he argued that the seller failed to adequately investigate the claim against him because it relied on the word of one employee only and that seller failed to dismiss him from the suit when the primary claim

between seller and buyer was settled. The court disagreed, finding that reliance on the sworn statement of one employee did not amount to inadequate investigation or "egregious conduct" and that Civ.R. 14(A) does not require dismissal of a third-party defendant when a primary suit is settled. *Id.* at 134, 580 N.E.2d at 845–846.

There was no allegation in *Stephens* that the third-party plaintiff had named the wrong party as a third-party defendant as there is in the case *sub judice.* The named lessee was, in fact, the true lessee and an appropriate party. The affiant was also deemed to be a reliable witness. In the case before us, appellant relied on unsworn information from Meridian Insurance Company which it knew was questionable when it filed its complaint against appellee. Appellant's attorney's affidavit states "that Meridian Insurance Company was not positive as to the identification of the leasing agent and therefore, affiant included a 'John Doe' as a possible leasing agent."

With respect to appellant's failure to dismiss the suit in timely fashion, appellant was informed that appellee was the wrong party approximately two months before appellant finally filed a dismissal. Each time appellee acceded to appellant's demand for another document or additional information, on appellant's promise of dismissal, appellant would raise a new hurdle. Moreover, appellant's attorney's chastising of appellee for lack of cooperation, set forth with great clarity in his December 6 letter, belies a belief that his subsequent delay in dismissing appellee was mere oversight.

Accordingly, we find that there was sufficient credible evidence on which the trial court could find that appellant and its attorney engaged in frivolous conduct pursuant to R.C. 2523.51(A)(2)(a). Appellant's first assignment of error is overruled.

### Assignment of Error No. 2

"The trial court abused its discretion by considering evidence not presented at the hearing on the part of appellee J.J. Gumberg in rendering its decision."

Appellant argues that, pursuant to *Pisanick–Miller v. Roulette Pontiac–Cadillac GMC, Inc.* (1991), 62 Ohio App.3d 757, 577 N.E.2d 446, paragraph two of the syllabus, a "motion for attorney fees under R.C. 2323.51 must be decided solely upon the evidence presented at the hearing, not upon evidentiary materials submitted with the motion or otherwise." Because our review of the record in this case indicates that the evidence in question was either properly introduced or unnecessary to the court's finding, we need not reach the merits of *Pisanick.*

The wrongly considered evidence appellant complains of here includes: (1) appellee's attorney's affidavit, which was attached to her motion for attorney fees, (2) the affidavit of an employee of J.J. Gumberg, delivered to appellant with

appellee's November 16 letter, (3) letters attached to appellee's brief and not offered into evidence as joint exhibits, and (4) proof of damages with respect to legal fees incurred by appellee relative to this action.

■ With respect to appellee's attorney's affidavit, our review of appellee's attorney's testimony at the hearing in this matter indicates that she testified to, and supported by exhibits where appropriate, all substantive matters set forth in the affidavit. Assuming, *arguendo*, that the trial court considered her affidavit as evidence, it reviewed no "evidence" not otherwise in the record. Accordingly, we decline to reach the issue of whether an affidavit submitted with a motion for attorney fees is admissible evidence pursuant to R.C. 2323.51(A)(2)(a).

With respect to the affidavit of appellee's employee, our review of the trial transcript indicates that appellee's lawyer testified with respect to the affidavit and indicated that "I have marked it as Gumberg's Exhibit No. 1 which I believe the counsels have agreed and stipulated that we'll present by stipulated exhibits as opposed to any testimony." With respect to evidence of damages, in the form of legal fees incurred, appellee's attorney testified to the specific amount of fees billed to appellee and submitted "Gumberg Exhibit No. 4 and Gumberg Exhibit No. 5[,] the actual copies of billing statements sent to J.J. Gumberg in connection with our defense of this frivolous action." No objection was raised by appellant with respect to these exhibits. Moreover, at the conclusion of appellant's attorney's testimony, immediately after he moved to admit into evidence the parties' joint exhibits as well as his affidavit, the following exchange occurred:

"THE COURT: Okay. I think I have heard enough.

"[APPELLEE'S ATTORNEY]: You don't want to hear any rebuttal?

"THE COURT: No. I'm going to take the exhibits and the information submitted along with the notes and you will have a ruling on this."

■ There was no opportunity, or need, for appellee to admit her exhibits into evidence any more formally than she had during the course of the hearing. The court's comments make clear that it intended to review all exhibits, and no objection was made by appellant.

With respect to letters not offered into evidence as joint exhibits, we assume appellant is referring to appellee's attorney's letter of January 4, 1994, in which she declined, on behalf of her client, to participate in a settlement fund. Appellee's attorney testified at the hearing as to the content of this letter. Accordingly, the letter itself would only have corroborated evidence already admitted. Moreover, we note that, without the letter, the court already had sufficient evidence on which to base its decision.

Appellant's second assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and COOK, J., concur.