This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-Appellant NationsRent, doing business as Central Rent-All and R R Rentals, has appealed from a judgment of the Akron Municipal Court that found Appellant had violated Civ.R. 11 and R.C. 2323.51, and awarded Defendant-Appellee Michael Construction Co. attorney's fees. This Court reverses.
 I
This appeal stems from the rental of one of Appellant's bulldozers by Jeff Humphrey.[1] Humphrey presented himself as an authorized agent of Appellee and rented a bulldozer from Appellant on Appellee's account with Appellant. Humphrey instructed Appellant to deliver the bulldozer to one of Appellee's construction sites. The rental contract listed Appellee as the customer renting the bulldozer.
The bulldozer was delivered to Appellee's work site. After Humphrey abandoned the site, the bulldozer remained on the site and Appellee noticed Appellant's name on the bulldozer and called Appellant to request that the equipment be removed. Appellee has asserted that during the phone call, Appellant assured it that the bulldozer had nothing to do with Appellee. Soon after the bulldozer was retrieved and inspected, Appellant determined that the bulldozer had been used for 153 hours and sent Appellee an invoice for payment of the rental.
Appellee refused to pay for the rental and denied having a rental contract with Appellant, stating that Humphrey was a subcontractor and not authorized to rent equipment on behalf of Appellee. A collection agency was also unsuccessful in obtaining payment for the use of the bulldozer. On January 25, 2000, Appellant filed a complaint against Appellee seeking $8,137.00, plus interest from June 5, 1998, for the cost of the bulldozer rental. Appellee responded by denying the existence of a contract between Appellant and Appellee, denying that Appellee had an account with Appellant, asserting that rentals by Appellee required signature approvals, and asserting that Appellant's equipment was not used at the site. After filing its answer, Appellee's counsel contacted Appellant and Appellant's counsel, asserting again that Appellee did not rent the bulldozer.
Despite numerous attempts over two years, Appellant has not been able to locate Humphrey. The record indicates that Humphrey has moved away without leaving any evidence of his whereabouts. Humphrey has been named a party to Appellant's suit, but since Appellant cannot locate him he has never been served.
On June 13, 2000, Appellee filed a motion for summary judgment. On June 30, 2000, before responding to Appellee's motion, Appellant voluntarily dismissed, without prejudice, its suit. Within the twenty-one day time limit under R.C. 2323.51(B)(1), Appellee filed a motion for sanctions against Appellant. After a hearing, the trial court granted sanctions in the amount of $5,750.00. The trial court found Appellant guilty of frivolous conduct. The trial court held that Appellant continued the suit to harass or maliciously injure Appellee and that the continuation of the suit was not warranted under existing law and not supported by a good faith argument for an extension, modification, or reversal of existing law. Appellant has appealed the trial court's decision, asserting one assignment of error.
 II Assignment of Error In its journal entry of August 15, 2001, the trial court erred by finding that both [Appellant] and its counsel had violated Civil Rule 11 and [R.C. 2323.51], by sustaining [Appellee's] motion for sanctions, and by awarding to [Appellee] the sum of $5,750, plus interest and costs.
Appellant has asserted that its continuation of the suit did not violate Civ.R. 11 or R.C. 2323.51 because, due to its history with Appellee and the facts and circumstances surrounding the rental of the bulldozer, Appellant believed Appellee was responsible for the rental. Appellant has claimed that Appellee engaged in a pattern of untruth, which caused Appellant to doubt Appellee's denials of responsibility. While the trial court's entry fails to distinguish between Civ.R. 11 and R.C.2323.51, this Court will review the trial court's finding of Appellant's violations of Civ.R. 11 and R.C. 2323.51 separately.
 Civil Rule 11
Civ.R. 11 provides:
 The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.
An appellate court reviews a trial court's award of sanctions under Civ.R. 11 for abuse of discretion. State ex rel. Fant v. Sykes (1987),29 Ohio St.3d 65. Abuse of discretion connotes more than simply an error of law or judgment; it instead implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Tracy v. Merrell DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152. In determining if a trial court abused its discretion by imposing sanctions under Civ.R. 11, an appellate court considers 1) whether any legal grounds for the pleading exist as a matter of law-that is, whether good grounds to support the claim exist; and if so, 2) whether the trial court abused its discretion in its determination of whether there was a willful violation of Civ.R. 11. City of Lorain v. Elbert (Apr. 22, 1998), Lorain App. No. 97CA006747, unreported at 7, appeal not allowed (1998), 82 Ohio St.3d 1483. The violation must be willful, as opposed to merely negligent. Ceol v.Zion Indus., Inc. (1992), 81 Ohio App.3d 286, 290. A willful violation involves a party who has willfully signed a pleading which, to the best of his knowledge, information and belief, was not supported by good ground. Haubeil Sons Asphalt Materials, Inc. v. Brewer BrewerSons, Inc. (1989), 57 Ohio App.3d 22, 23.
Appellant has asserted that it filed its complaint and continued the suit based on the following factors: 1) the contract for the bulldozer named Appellee as the customer; 2) Appellant and Appellee had an ongoing business relationship, which included a rental account; 3) Humphrey had knowledge of the account and presented himself as Appellee's authorized agent; 4) the bulldozer was delivered to Appellee's site and retrieved from that location; 5) the bulldozer was used during the rental period; and 6) Appellee engaged in a pattern of untruths by claiming it did not have an account with Appellant and that rental contracts required signature approvals. Appellant thought it rented a bulldozer to Appellee and was attempting to collect payment for the rental. Considering the facts and circumstances of this case, this Court finds that Appellant had legal grounds to file its contract claim and maintain the claim after Appellee denied its involvement in the rental. A simple denial by Appellee was insufficient to convert Appellant's original belief that Appellee was responsible for the rental into a groundless complaint, especially when one considers Appellee previously lied about its relationship with Appellant. Since Appellant had good grounds to support the filing of its claim against Appellee, this Court finds that the trial court clearly abused its discretion in awarding attorney's fees to Appellee for a Civ.R. 11 violation.
 R.C. 2323.51
Pursuant to R.C. 2323.51,[2] "conduct" includes:
 The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, or the taking [of] any other action in connection with a civil action[.]
R.C. 2323.51(A)(1)(a). Frivolous conduct includes conduct of a party to a civil action that satisfies either of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 (ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
R.C. 2323.51(A)(2)(a)(i-ii). In determining whether a trial court erred in finding frivolous conduct pursuant to R.C. 2323.51(A)(2)(a), an appellate court must consider whether there was sufficient evidence to support the trial court's determination. Masturzo v. Revere Rd.Synagogue (1994), 98 Ohio App.3d 347. On review, an appellate court examines the record to determine whether the trial court's factual findings are supported by competent, credible evidence. See Wiltbergerv. Davis (1996), 110 Ohio App.3d 46, 52; Masturzo,98 Ohio App.3d at 350. If frivolous conduct is found and attorney's fees are awarded pursuant to R.C. 2323.51(B), an appellate court reviews the award under an abuse of discretion standard. Estep v. Kasparian (1992),79 Ohio App.3d 313, 316.
After thoroughly reviewing the record, this Court finds a complete absence of any evidence that Appellant's actions served merely to harass or maliciously injure Appellee. In fact, the record contains no evidence that Appellant knowingly filed its claim against the wrong party. Nor does the record establish that Appellee bore no responsibility for the rental. The record shows that to the best of Appellant's knowledge, information and belief, Humphrey, as an authorized agent of Appellee, rented a bulldozer from Appellant and Appellee refused to pay for the rental.
As discussed in the Civ.R. 11 section of this decision, legal grounds did exist for Appellant's complaint, and it therefore follows that the claim was warranted under existing law. Accordingly, there is insufficient evidence to support the trial court's finding that Appellant's claim constituted frivolous conduct under the second prong of R.C. 2323.51.
Further, Appellant's voluntary dismissal was not frivolous conduct. The right to voluntarily dismiss pursuant to Civ.R. 41(A)(1)(a) is absolute and therefore, such conduct cannot properly be considered "frivolous."Sturm v. Sturm (1992), 63 Ohio St.3d 671, 675; see, also Baker v.USS/Kobe Steel Co. (Jan. 5, 2000), Lorain App. No. 98CA007151, unreported at 5. Accordingly, this Court finds that the trial court's determination that Appellant engaged in frivolous conduct is not supported by competent, credible evidence. Therefore, the trial court abused its discretion in finding that Appellant's filing and continuation of its complaint against Appellee rises to the level of a violation of R.C.2323.51.
In conclusion, this Court finds that the trial court abused its discretion when it found that Appellant violated Civ.R. 11 and R.C. 2323.51
and awarded attorney's fees to Appellee. Appellant's sole assignment of error is sustained.
 III
Appellant's sole assignment of error is sustained. The decision of the trial court is reversed and vacated.
Judgment reversed and vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
SLABY, P.J., BAIRD, J. CONCUR.
[1] The parties have referred to Jeff Humphrey as both "Jeff Humphrey" and "Jeff Humphreys." This Court will refer to him as "Humphrey."
[2] The former R.C. 2323.51, which became effective on January 5, 1988, is applicable to this case because the version in effect when the cause of action arose and the case was pending in the trial court was found unconstitutional. R.C. 2323.51 was amended in 1996 as part of House Bill 350, with an effective date of January 27, 1997. In State ex rel.Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, the Ohio Supreme Court held that "Am.Sub.H.B. No. 350 violates the one-subject provision of Section 15(D), Article II of the Ohio Constitution, and is unconstitutional in toto." Id. at paragraph three of the syllabus. "It is well established that a decision of the Supreme Court of Ohio striking down a statute as unconstitutional is to be given retrospective application." Plant v. Board of County Commissioners (Dec. 13, 2000), Wayne App. No. 00CA0010, unreported, at 2, fn. 1, citing Wendell v.AmeriTrust Co., N.A. (1994), 69 Ohio St.3d 74. Accordingly, the statutory language in existence prior to the enaction of H.B. 350 is controlling for purposes of this appeal.