OPINION
On June 2, 2000, appellee, Kathleen Pfahler, filed a petition to obtain discovery from appellants, The National Latex Products Co. and others, including officers and/or directors. Appellee sought to investigate a potential claim against appellants for unpaid medical benefits and wages. Appellee filed the petition because she believed appellants were not forthcoming with the requested information and documentation.
On July 6, 2000, appellants filed a motion to dismiss claiming appellee failed to meet the requirements of Civ.R. 34(D) and R.C. 2317.48. By decision and judgment entry filed July 26, 2000, the trial court denied said motion and ordered production of the requested documents by September 15, 2000.
Appellants appealed the trial court's denial of their motion to dismiss. A stay was sought and denied. As a result, on December 14, 2000, the parties entered into an agreed judgment entry whereby appellants agreed to dismiss their appeal and appellee agreed to move the discovery deadline to January 15, 2001.
On January 22, 2001, appellee filed a notice of noncompliance. By judgment entry filed February 1, 2001, the trial court ordered appellants to comply by February 16, 2001.
On February 7, 2001, appellee filed a motion for sanctions for frivolous conduct. On February 21, 2001, appellee filed a second notice of noncompliance. A hearing was held on April 2, 2001. By judgment entry filed April 6, 2001, the trial court granted the motion and awarded appellee $10,654.05. An amended judgment entry was filed on April 16, 2001 removing the names of new counsel from the sanction order.
Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING PFAHLER'S MOTION FOR SANCTIONS.
 II THE TRIAL COURT ERRED AS A MATTER OF LAW BY INCLUDING ATTORNEYS COUGHLIN AND FLEMING IN THE APRIL 9, 2001 SANCTIONS ORDER WHERE THEY DID NOT REPRESENT DEFENDANTS-APPELLANTS AT THE TIME OF THE ALLEGED FRIVOLOUS CONDUCT AND WERE NOT THE SUBJECT OF THE MOTION FOR SANCTIONS OR THE EVIDENTIARY HEARING.
 III THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING PFAHLER'S MOTION FOR SANCTIONS AS AGAINST THE LAW FIRM OF THOMPSON HINE LLP WHERE THE FIRM WAS NOT A SIGNATORY TO ANY FILING AND WAS NOT COUNSEL OF RECORD.
 IV THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING FEES AND COSTS WHICH WERE NOT SHOWN TO BE A DIRECT, IDENTIFIABLE RESULT OF DEFENDING ANY ALLEGED FRIVOLOUS CONDUCT.
 I, II, III, IV
Appellants claim the trial court erred in finding them guilty of "frivolous conduct" and awarding sanctions against them.
In Sain v. Roo (October 23, 2001), Franklin App. No. 01AP-360, unreported, our brethren from the Tenth District discussed the appellate standard of review as follows:
 R.C. 2323.51 provides that a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. `Frivolous conduct,' as defined in R.C. 2323.51(A)(2)(a)(ii), includes conduct that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. As we found in Wiltberger v. Davis (1996), 110 Ohio App.3d 46, no single standard of review applies in R.C. 2323.51
cases, and the inquiry necessarily must be one of mixed questions of law and fact. A determination that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. Lable Co. v. Flowers
(1995), 104 Ohio App.3d 227, 233. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. Wiltberger, supra, at 51-52. Where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court. Id. at 52. Further, R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed against either counsel or a party for frivolous conduct. Stone v. House of Day Funeral Serv., Inc. (2000), 140 Ohio App.3d 713.
 HISTORY OF CASE
This case started as a discovery proceeding under Civ.R. 34(D) and R.C. 2317.48 which state as follows:
 Civ.R. 34(D) Subject to the scope of discovery provisions of Civ.R. 26(B) and 45(F), a person who claims to have a potential cause of action may file a petition to obtain discovery as provided in this rule. Prior to filing a petition for discovery, the person seeking discovery shall make reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought. The petition shall be captioned in the name of the person seeking discovery and be filed in the court of common pleas in the county in which the person from whom the discovery is sought resides, the person's principal place of business is located, or the potential action may be filed. The petition shall include all of the following:
 A statement of the subject matter of the petitioner's potential cause of action and the petitioner's interest in the potential cause of action;
 A statement of the efforts made by the petitioner to obtain voluntarily the information from the person from whom the discovery is sought;
 A statement or description of the information sought to be discovered with reasonable particularity;
 The names and addresses, if known, of any person the petitioner expects will be an adverse party in the potential action;
 A request that the court issue an order authorizing the petitioner to obtain the discovery.
R.C. 2317.48 ACTION FOR DISCOVERY
 When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable.
After having been served, appellants filed a Civ.R. 12(B)(6) motion to dismiss on July 6, 2000. The substance of said motion was that the petition failed to allege any cause of action or identify any facts needed to state a cause of action, and appellee neglected to narrowly tailor interrogatories as required under R.C. 2317.48 or document a request as required under Civ.R. 34
The petition alleged the following pertinent facts:
 Pfahler, along with not fewer than 50 former employees of the National Latex Products Co. and Speciality Advertising Co., Inc. (collectively "National Latex"), have retained attorneys Brian J. Halligan and Dennis J. Niermann to investigate certain claims which they may hold against, among others, National Latex. The claims are based primarily upon unpaid wages and unpaid health claims. (The health claims remain unpaid because National Latex, despite deducting the respective employee contributions from the employees regular paychecks, ostensibly failed to fully fund the account with National Latex's extant third party administrator).
 After the undersigned counsel were retained, they began investigating the facts to support potential claims against National Latex including, among others, claims based upon possible ERISA and Fair Labor Standards Act violations, as well as violations of various Ohio statutory and common law provisions.
 The petitioner, therefore, respectfully requests that the Court issue an order authorizing the petitioner to obtain the discovery in order to properly analyze their claims.
Although specific interrogatories are not attached to the petition and are not in the record, a letter dated May 5, 2000 is attached as Exhibit A. Said letter, sent by appellee's attorney, Brian Halligan, to appellants' counsel of record, Robert Folland of Thompson, Hine Flory, LLP, enumerated sixteen specific issues. Within this letter, appellee requested appellants to produce the requested information and documents by June 2, 2000.
By judgment entry filed July 26, 2000, the trial court denied the motion to dismiss, finding appellee corrected the deficiencies of the petition and her requests:
 Defendants have moved to dismiss, taking the position that Plaintiff's requests are an inappropriately broad request. The Court might be inclined to agree, but the Plaintiff has satisfactorily clarified its potential causes of action at pages 4 and 5 of its Memorandum herein.
 This Court holds that to accept Defendants' position on this Motion would sufficiently gut Rule 34 (D) as to render this type of procedural action practically useless.
Appellee's memorandum that the trial court referred to explained the anticipated cause of action and potential parties and reaffirmed that the items in Exhibit A were the items sought in the discovery proceeding. See, Plaintiff's Memorandum in Opposition filed July 18, 2000.
Having lost the Civ.R. 12(B)(6) motion, appellants appealed. Appellants requested a stay which was denied by the trial court on August 30, 2000, by this court on October 18, 2000 and the Supreme Court of Ohio on December 13, 2000.
We note an appeal of a denial of a Civ.R. 12(B)(6) motion in a discovery proceeding is appropriate. Cerasuolo v. Goodyear Tire RubberCo. (April 5, 1989), Summit App. No. 13864, unreported. In particular, because a discovery action is a special proceeding, appeal is appropriate under R.C. 2505.02.
On December 14, 2000, by agreement of the parties and in consideration of appellants dismissing their appeal, appellee agreed to a new discovery deadline of January 15, 2001. Appellants responded to the requests with over one thousand pages of documents.
On January 11, 2001, appellants' counsel, Dean Gamin of Thompson, Hine Flory, LLP, sent a letter to appellee's counsel stating not all of the requested documents were within appellants' possession or control as the company had been sold to Pioneer Balloon Company, Inc. on December 6, 1999.
On January 22, 2001, appellee filed a notice of noncompliance. By judgment entry filed February 1, 2001, the trial court ordered appellants to provide the requested documents by February 16, 2001 or suffer sanctions.
On February 6, 2001, appellants requested Pioneer to provide the requested documents. Pioneer refused to produce the requested information or documents without a subpoena. See, Affidavit of Jerry Meyer, Pioneer's General Manager, Defendants' Exhibit 5.
On February 7, 2001, appellee filed a motion for sanctions for frivolous conduct premised on the alleged "surprise" by appellants that Pioneer was in possession of the requested documents. On February 21, 2001, appellee filed a second notice of noncompliance claiming appellants were in possession of the requested documents.
Thereafter, the trial court conducted a hearing on April 2, 2001. By judgment entry filed April 9, 2001, the trial court found all appellants guilty of frivolous conduct and awarded appellee $10,654.05.[1] In finding frivolous conduct and awarding fees, the trial court specifically found the following:
 That Defendants and/or their counsel also materially and willfully violated this Court's previous Orders, including its February 1, 2001 Order;
 This Court additionally finds that Defendants' counsel materially violated Rule 11 of the Ohio Rules of Civil Procedure by filing pleadings and motions which this Court, in its inherent power and discretion, finds were interposed only for purposes of delay, and that Plaintiff has been adversely affected by such filings;
 FRIVOLOUS CONDUCT
In order to pursue a claim for frivolous conduct, one must prove the actions of the other party "serve(d) merely to harass or maliciously injure another party" or "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51. Similarly, Civ.R. 11 provides that one must establish that the other party's attorney harbored the subjective intent to willfully violate the rule by filing a document for which "to the best of the attorney's or party's knowledge, information, and belief" there is no "good ground to support it" and only "interposed for delay."
Early on in the procedural history, the trial court found appellants' action in filing an appeal was done with the purpose to delay the proceedings:
 This matter is before the Court on a Remand Order from the Court of Appeals, instructing this Court to state with specificity the basis for its Decision denying Appellants' Motion for a Stay pending this appeal. In accordance thereto, these reasons are as follows:
* * *
 Finally, this Court further finds that the primary purpose of the Defendants — Appellants to date has been to delay the receipt by Plaintiff-Appellee of documentation which they are eventually entitled to receive.
See, Judgment Entry filed September 20, 2000.
We note this finding by the trial court came after the trial court's order of July 26, 2000 wherein the trial court stated it "might be inclined to agree" with appellants' motion to dismiss had appellee not restated the claims in her memorandum in opposition. In less than a two month span, the trial court changed its view on the deficiencies in the petition and five days after the discovery deadline of September 15, 2000 had passed, found appellants to be dilatory. We specifically find this to be contradictory and apparently motivated by appellants' choice to appeal the denial of the Civ.R. 12(B)(6) motion.
At the "frivolous conduct" hearing, appellee argued that appealing the matter and requesting a stay was frivolous conduct. April 2, 2001 T. at 5. We disagree. By statute, an appeal may lie from a discovery action prior to its final entry. In its judgment entry filed July 26, 2000, the trial court acknowledged the petition was deficient. Taking an appeal that is allowable under the existing law and arguing a deficiency of the petition cannot be counted as frivolous conduct. Further, the parties joint agreement to dismiss the appeal and set a new discovery deadline belies the issue of harassment in seeking a delay.
Given these facts, we find our review to be limited to the actions of appellants while the trial court had jurisdiction over the matter. The filing of an appeal tolls the issue of frivolous conduct vis-a-vis the trial court. Therefore, our review is limited to the time after the joint agreed entry of December 14, 2000.
It is appellee's position that appellants and their counsel knew that some of the documents were not under their control and did not disclose the matter until the January 11, 2001 letter by Mr. Gamin:
 To be frank and cooperative, I advise you that I have learned that not all of the documents you requested exist or are in the possession, custody or control of the defendants. As I believe you know, but in any event will learn from the documents, the assets purchased by Pioneer included all `business records' of National latex. As a consequence, the documents available to my clients for production may be fewer in number than you might have expected.
Appellee's counsel's letter of May 5, 2000 acknowledged that Thompson, Hine Flory, LLP and specifically, Robert Folland, represented appellants in the sale of assets to Pioneer. Further, the principles of the corporation (National Latex) who are also parties and subject to the sanctions, had to have known the items were not in their possession. In fact, they used the Asset Purchase Agreement as a defense at the sanctions hearing. Clearly appellants knew they did not possess the items they relinquished at the sale on December 6, 1999. April 2, 2001 T. at 62. The affidavit of Jay P. AuWriter, Jr. affirms that in May of 2000, appellants' counsel was aware of who had possession of the items.[2]
See, Defendants' Exhibit 4. In this regard, we concur with appellee's position.
The trial court found appellants had violated the February 1, 2001 order of the court. In the February order, the trial court specifically ordered the following:
 A large portion of the requested documents have not been provided by Defendant because those matters are now in the sole possession of the buyer of this industrial enterprise, Pioneer.
* * *
 The Court is Ordering that the Defendants provide copies to the Court and opposing counsel, of the evidence that theses Defendants made a timely request to Pioneer for all the records that fall into this category.
 Further, the Defendants are Ordered to place another written request to Pioneer, and provide a copy to the Court and opposing counsel, reiterating that the production of this material has been Court Ordered, and that the failure to promptly produce everything requested will result in potential Sanctions. These Sanctions will apply to counsel, as well as the existing parties, and any possible future parties, such as Pioneer and their officers and agents.
The affidavit of Mr. Meyer establishes that appellants did in fact request the documents. See, Defendants' Exhibit 5. Apart from these statements, appellee argued that "checks" would not be in the control of Pioneer and they have yet to be supplied. April 2, 2001 T. at 7, 38. It is appellee's position that the Asset Purchase Agreement provides in Section 8.03 that appellants as an indemnifying party have the right to the records sub judice. See, Exhibit A, attached to Appellants' Brief in Opposition filed March 19, 2001. We find from the evidence that appellants made a request from Pioneer and the request was refused absent a subpoena.
The trial court stated his reasons on the record for finding frivolous conduct:
 The court finds that it would have been reasonable in this situation or circumstance for counsel for the defendants to promptly and diligently make arrangements and or inquiry of the purchaser Pioneer for the requested documents, and instead the opposite occurred, and there was a series of stonewalling efforts to make it more difficult rather than less difficult for the plaintiffs herein to receive the information that they were attempting to receive.
 This started out as what should have been and could have been a very simple matter. It is the conduct of the defendant's counsel which is imputed to the defendant's in this matter which has caused it to be anything other than the simple matter it should have been.
April 2, 2001 T. at 74.
From these statements, we can assume the trial court believed it was appellants' obligation to tell appellee, prior to the filing of the petition for discovery and in response to the May 5, 2000 letter, "you should sue Pioneer." No such obligation pre-suit is required under law. Appellants were not required to do "the civil thing" and tell appellee where to find the information. This is especially true when a party is threatening an ERISA action and back wages.
We have reviewed the file and find no violation of the trial court's order of February 1, 2001. Therefore, we find sanctions to be inappropriate and an abuse of discretion.
Assignments of Error I, II, III and IV are granted.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is reversed.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.
[1] Within said judgment entry, the trial court erroneously cited attorneys Timothy Coughlin and Jennifer Fleming of Thompson, Hine 
Flory, LLP, new counsel of record, as being guilty of frivolous conduct. The trial court attempted to rectify the error by filing an amended judgment entry on April 16, 2001 in lieu of a nunc pro tunc entry. We find such procedure to be error and reverse the trial court's finding that said attorneys were guilty of frivolous conduct.
[2] Mr. Gamin testified although Thompson, Hine Flory, LLP represented National Latex in its sale to Pioneer, he saw no reason to look at the agreement until December, 2000. April 2, 2001 T. at 64.