OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, David N. Patterson appeals from a final judgment of the Lake County Court of Common Pleas granting a motion for sanctions filed by appellee, Richard T. Seman.
 {¶ 2} On April 24, 2000, Robert Rondini ("Rondini") and Sharon Evans ("Evans"), who were represented by appellant, filed a complaint against appellee alleging legal malpractice. Appellee filed an answer denying the allegations in the complaint. He later amended his answer to join appellant as a party defendant. In his amended answer, appellee also included a cross-claim and a third-party complaint against appellant.
 {¶ 3} Appellee subsequently filed a motion to disqualify appellant as Evans' and Rondini's attorney. The trial court granted the motion and referred the entire matter to arbitration. The arbitration board held a hearing on July 16, 2001, at which time appellant, Rondini, and Evans failed to appear. Accordingly, the arbitration board granted judgment in appellee's favor. The trial court subsequently reviewed the arbitration board's report and affirmed the board's decision.
 {¶ 4} On October 9, 2001, appellee filed a motion asking the trial court to impose sanctions and award attorney's fees pursuant to R.C.2323.51 and Civ.R. 11. After appellant submitted a brief in opposition, the trial court considered the parties' respective arguments and granted in part and denied in part appellee's motion. Specifically, the trial court concluded that appellee's motion for attorney's fees under R.C.2323.51 was not timely filed. However, the trial court found that appellant had willfully violated Civ.R. 11 in filing the malpractice action when, according to the court, "clearly there was no good cause to support it." As a result, the trial court imposed a $1,000 sanction against appellant.
 {¶ 5} From this decision, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the trial court abused its discretion in imposing sanctions because the court failed to hold a hearing before doing so, and the complaint was supported by a good faith argument.
 {¶ 6} When ruling on a motion for sanctions, a court "must consider whether the attorney signing the document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief, and (3) did not file it for purposes of delay." Ceol v. Zion Indus., Inc. (1992), 81 Ohio App.3d 286, 290. If a court finds that any of these requirements has not been satisfied, the court must then determine whether the violation was willful. Stone v.House of Day Funeral Serv., Inc. (2000), 140 Ohio App.3d 713, 721. If the court concludes that the violation was willful, the court may then impose sanctions pursuant to Civ.R. 11. Id.
 {¶ 7} Before ruling on a motion for sanctions, however, "a trial court must conduct a hearing * * * and may not rely exclusively on what has or has not been submitted with the motion itself." Cic v. Nozik (July 20, 2001), 11th Dist. No. 2000-L-117, 2001 WL 822465, at 2. See, also,Kemp, Schaeffer Rowe Co. v. Frecker (1990), 70 Ohio App.3d 493,497-498 (holding that "before a trial court makes a determination of whether or not an attorney committed a willful violation of Civ.R. 11, it should order a hearing and give the attorney who signed the complaint or motion an opportunity to state the good-faith basis upon which he filed the complaint."); Nozik v. Sanson (June 8, 1995), 8th Dist No. 68269, 1995 WL 350122, at 2 (holding that "both Civ.R. 11 and R.C. 2323.51
require the trial court to conduct an evidentiary hearing at which the parties and counsel must be given the opportunity to present any evidence relevant to the issues raised before imposing sanctions."); Goff v.Ameritrust Co., N.A. (May 5, 1994), 8th Dist. Nos. 65196 and 66016, 1994 WL 173544, at 10 (holding that "a trial court abuses its discretion in awarding attorney fees pursuant to Civ.R. 11 without first conducting a hearing."). In other words, a trial court must provide the party opposing sanctions an opportunity to establish a good-faith basis for filing the pleading at issue. In re Estate of Cain (1994), 92 Ohio App.3d 835, 839.
 {¶ 8} Here, there is no indication in the record that the trial court held a hearing on appellee's motion for sanctions. As a result, we conclude that the trial court abused its discretion when it imposed sanctions against appellant. Moreover, because the trial court failed to hold a hearing, it would be premature to review the merits of the court's decision at this time.
 {¶ 9} Appellant's assignment of error is well-taken. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
ROBERT A. NADER, J., DIANE V. GRENDELL, J., concur.