COLUMBUS BUSINESS SYSTEMS, INC., APPELLANT, *v.* FAIR ET AL., APPELLEES.

(No. 80AP-844—Decided February 26, 1981.)

*Mr. Eugene B. Sergio, Jr.,* for appellant.

*Clayman & Jaffy Co., L.P.A.,* and *Mr. Walter Kaufmann,* for appellees.

McCORMAC, J. Plaintiff-appellant, Columbus Business Systems, Inc., filed a complaint against defendants-appellees, Dr. Mike Fair and Susan Fair, in the Small Claims Division of the Franklin County Municipal Court for $339.65 for damages for failure to return a "Record-O-Fone." Defendants moved to transfer the action to the regular docket of Municipal Court, submitting therewith an affidavit by their attorney that a good defense to the claim existed, and that the filing fee required by Franklin County Municipal Court Rule 11.02 had been paid. A counterclaim and third-party complaint, with a request to join additional parties, was also filed. The demands of the counterclaim and third-party complaint exceeded the monetary jurisdiction of the Small Claims Division of the Franklin County Municipal Court. Over objection of plaintiff, the case was transferred to the regular Municipal Court docket.

Plaintiff has appealed, claiming error in the trial court's procedure in allowing the transfer.

The appeal is dismissed for lack of subject matter jurisdiction. All claims are still pending in Franklin County Municipal Court and no judgment has been entered. The ruling of the court from which the appeal is taken is not one over which this court has jurisdiction to entertain an appeal.

Section 3(B)(2), Article IV of the Ohio Constitution provides that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *."

R.C. 2505.02 defines a final order as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial * * *."

The order of the Franklin County Municipal Court transferring the case from the Small Claims Division to the regular docket of the court does not fit any definition of a final order and, thus, is not appealable.

The appeal is dismissed for lack of subject matter jurisdiction.

*Appeal dismissed.*

WHITESIDE and NORRIS, JJ., concur.