**SHAFFER, Appellee,**

v.

**MEASE, Appellant, et al.**

[Cite as *Shaffer v. Mease* (1991), 66 Ohio App.3d 400.]

Court of Appeals of Ohio,
Highland County.

No. 776.

Decided Aug. 5, 1991.

*Rose & Dobyns* and *George M. Parker,* for appellee.

*Hapner & Hapner* and *Jon C. Hapner,* for appellant.

HARSHA, Judge.

This is an appeal from a judgment entered by the Hillsboro Municipal Court ordering Phillip Mease, defendant-appellant, to pay $609.02 in attorney fees and travel expenses to Ida Mae Shaffer, plaintiff-appellee, on the basis that appellant had engaged in frivolous conduct pursuant to R.C. 2323.51 in connection with his defense against appellee's forcible entry and detainer action.

Appellant assigns the following errors:

"1. Defendant assigns as error the finding of fact, opinion, and judgment entry entered hereon on the 16th day of October, 1990, that the defendant's conduct was frivolous.

"2. Defendant further appeals from the judgment in favor of the plaintiff against the defendant for Six Hundred Nine Dollars ($609.00), in that said judgment in favor the [*sic*] plaintiff and against the defendant is not well taken on either the facts or the law in the case."

On July 13, 1990, appellee filed a complaint for forcible entry and detainer, naming appellant, appellant's "unknown spouse," and "all other occupants" of 3103 Beltz Road, Sardinia, Ohio, as defendants. Appellee's complaint alleged that appellant was in default of an oral rent-to-purchase agreement concerning the subject property. Appellee prayed for, *inter alia,* restitution of the premises and unpaid rent in the sum of $5,700 through June 30, 1990. On the same date that appellee's complaint was filed, a deputy clerk of the trial court

mailed notices that the case had been set for trial to the court on August 1, 1990 at 9:00 a.m.

On July 31, 1990, appellant filed an answer which alleged that he had taken possession of the premises pursuant to a purchase agreement and he denied the allegations of appellee's complaint. On the same date, appellant filed a counterclaim which alleged that appellee had refused to give him a receipt on July 1989 reflecting his total payments made on the property; that appellant had made at least $3,400 in payments on the property; and that he had made over $10,000 worth of improvements to the property. Appellant's counter-claim prayed for $13,400 in damages, a determination of his amount due under the purchase agreement, a conveyance of the premises to him, and a jury trial on these issues.

On August 1, 1990, the date scheduled for the bench trial of appellee's forcible entry and detainer action, appellant's counsel was involved in proceedings in another case and he had attorney Kevin Greer deliver a message to the trial court. The following exchange then occurred:

"MR. GREER: * * * He said, or rather requested me to state for the Record to note his exceptions, that he had asked for a Jury, which he feels he is entitled to, and also that this Court does not have jurisdiction now to hear the matter now that he has raised the claim over the monetary amount that this Court can hear, so he feels that his action is not properly in the Court, and to note his objections, exceptions to this Court's Ruling does [sic] it go forward on any issues, today.

"THE COURT: O.K. It is the Court's position on the, first of all, the Jury Demand, is that it requires a filing of $200.00, which the Clerk advised me has never been filed. So, there is, the Court doesn't feel that the Defendant is entitled to a Jury Trial until that has been filed. The second problem I have is that this was filed yesterday. It seems that we have got a problem here, with some people that have come up from West Virginia or some place.

" * * *

"THE COURT: Which, I think that I have got either my rathers of either continuing this matter and assessing some type of expenses against the Defendant for these people coming up here. Their time, their travel expense, loss of earnings or whatever they have or going forward with it on the issue of the restitution of premises.

" * * *

"THE COURT: O.K. If he had filed this Answer, earlier, so counsel would have had notice of it, instead of his people being up here from West Virginia,

the Court might take a different tack on it, but this filing at the last minute, it, I just don't feel it is fair to the other parties."

Appellant was personally present at the August 1, 1990 proceeding but did not participate upon advice of his counsel. The trial court proceeded to hear testimony from appellee's witnesses and at the conclusion of her presentation of evidence, it issued an oral decision that appellee was entitled to restitution of the premises. In so holding, the trial court noted that if appellant had notified appellee of his answer and counterclaim at a time sufficient to prevent unnecessary travel expenses incurred on the part of appellee, it would have continued the case. The trial court stated that at the very least, appellant's counsel should "have extended [appellee's counsel] the courtesy of a phone call."

On August 6, 1990, prior to any judgment of the trial court reiterating its oral decision, appellant filed a motion for new trial pursuant to Civ.R. 59(A) based on several grounds, including that the trial court did not have jurisdiction of the matter since appellee's counterclaim exceeded the jurisdictional limits of the trial court. On August 8, 1990, the trial court filed an entry which stated that the "order of the court herein granting restitution of the premises is stayed" and that appellant's motion for new trial would be set for a September 6, 1990 hearing. Appellee subsequently filed a reply [1] to appellant's counterclaim.

On September 6, 1990, a hearing was held on appellant's new trial motion. In the course of the hearing, the trial court asked appellant's counsel why he had not requested a continuance of the earlier hearing. Appellant's counsel responded that he had filed an answer the day before that hearing and that he had thought he would be able to be present for the August 1, 1990 hearing but the unexpected length of a jury trial in common pleas court ultimately precluded his presence. After the attorneys' arguments, the trial court stated the following:

"THE COURT: The Court is faced with basically two issues. Whether the Court, under the Law, has the authority to go forward at the hearings [sic] date set on August 1st, and this is the issue that Mr. Hapner has raised. Whether I had the authority to do that. If I determine that I have the authority to do that, obviously, the Ruling is going to stand. If I determine, from what has been cited here, and I don't have the authority, then there is a second question. And I want counsel's input on this second question. I feel, under the circumstances, if in fact, the Defendant is entitled to a new trial, I

---

1. Appellee's pleading in this regard was misdesignated as an "ANSWER." See Civ.R. 12(A)(2).

want to know whether this Court has authority to require as a condition of that new trial, that the Plaintiff be compensated for the inconvenience. I briefly checked Civil Rule 59 and 60, which seemed to be in play here, and find nothing in there, one way or the other. These are, this is an issue that I want addressed, by the Court, it doesn't have to, or by Counsel, it doesn't have to be formal."

On September 20, 1990, appellee filed a motion to impose sanctions "against the attorney for the Defendant" pursuant to Civ.R. 11, in order to reimburse expenses which she incurred to "meet [appellant's] unjustified pleadings." Attached to appellee's motion to impose sanctions is a list of appellee's expenses, *i.e.*, lost wages and travel expenses, for the August 1, 1990 trial and the September 6, 1990 hearing on appellant's motion for a new trial. Also attached to the motion was an itemized list of appellee's counsel's $790 in attorney fees. Appellant subsequently filed a response to the motion for sanctions, asserting that Civ.R. 11 would not authorize sanctions in this case.

On October 16, 1990, the trial court issued a "FINDING OF FACT, OPINION AND JUDGMENT ENTRY" which vacated its prior judgment[2] granting restitution of the premises and transferred the case to the Highland County Court of Common Pleas. The trial court also determined that appellant's conduct had been frivolous pursuant to R.C. 2323.51 and entered judgment for appellee against appellant in the sum of $209.02 for travel expenses and $400 for attorney fees.

■ At the outset, we note that an order of a court is a final appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. Section 3(B)(2), Article IV of the Ohio Constitution provides that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify or reverse judgments or final orders of the courts of record inferior to the courts of appeals." R.C. 2505.02 defines a "final order" as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial * * *."

---

2. Although the trial court's October 16, 1990 entry states that it had "made the findings regarding restitution of the premises, which is evidenced by the journal entry filed of even date with this entry," the record does not include any entry to that effect.

■ The entry appealed from concerns an imposition of sanctions while transferring a forcible entry and detainer action from municipal court to common pleas court by granting a motion for new trial. Obviously, this entry did not determine either appellee's forcible entry and detainer action or appellant's counterclaim for, *inter alia,* specific performance and/or damages. Although it was entered in the context of appellant's new trial motion, it cannot fit the third category of final orders specified in R.C. 2505.02, since it is clear that an order transferring a case from one court to another because a counterclaim exceeds the monetary jurisdiction of the first court is not a final appealable order. See, *e.g., Columbus Business Systems, Inc. v. Fair* (1981), 1 Ohio App.3d 79, 1 OBR 358, 439 N.E.2d 910. Moreover, this appeal does not attack the transfer order but merely the trial court's collateral order imposing sanctions for alleged frivolous conduct during the proceedings before it. This order affected a substantial right of the parties, and under the balancing test set forth in *Amato v. General Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, was arguably made in a "special proceeding." See, also, *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 50, 562 N.E.2d 125, 127–128; cf. *Robinson v. Robinson* (1984), 19 Ohio App.3d 323, 19 OBR 496, 484 N.E.2d 710, where the Tenth District Court of Appeals held that a certification of a custody issue from a divorce court to a juvenile court in the context of a divorce decree constitutes a final order pursuant to R.C. 2505.02 because it constitutes the divorce court's final determination of the basic divorce action. Based upon the foregoing authorities, we hold that the judgment appealed from in the instant case constituted a final appealable order in a special proceeding, and we now proceed to the merits of the appeal.

Appellant's first assignment of error asserts that the trial court erred in determining that his conduct was frivolous, and appellant's second assignment of error asserts that the trial court erred in ordering sanctions against appellant in the amount of $609.02. In that these assignments of error raise similar issues, they will be considered jointly.

The trial court determined that appellant, through counsel, engaged in "frivolous conduct," as defined in R.C. 2323.51. The applicable version of R.C. 2323.51 became effective on January 5, 1988, as part of the Tort Reform Act of 1987. The so-called "Frivolous Conduct Statute" was patterned after DR 7–102(A)(1) and (2) and was intended to prevent litigation abuse. *Stephens v. Crestview Cadillac, Inc.* (1989), 64 Ohio App.3d 129, 580 N.E.2d 842; Browne, Frivolous Conduct—Applying R.C. 2323.51 (March/April 1990), 1 Ohio Civ.Prac.J. 33.

■ Pursuant to R.C. 2323.51(B)(1), a court may award reasonable attorney fees to any party in a civil action adversely affected by frivolous conduct. An award under the Frivolous Conduct Statute is discretionary; consequently, absent an abuse of discretion, a court's decision to impose sanctions pursuant to R.C. 2323.51(B)(1) will not be reversed. See, *e.g.,* Graham, Navigating Between the Scylla of Tolerating Litigation Abuse and the Charybdis of Chilling Legitimate Advocacy: An Overview of Federal Rule 11 and Comparable Ohio Provisions (1989), 18 Cap.L.Rev. 1, 31; cf. *State, ex rel. Fant, v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966 (trial court decision to impose sanctions pursuant to Civ.R. 11 will not be reversed absent an abuse of discretion). The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Tracy v. Merrell–Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875, 880; *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181, 1184.

■ Appellant initially argues that neither he nor his attorney engaged in frivolous conduct. R.C. 2323.51(A)(2) defines "frivolous conduct" as follows:

" 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

"Conduct" means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action. R.C. 2323.51(A)(1). The trial court determined that appellant's conduct constituted "frivolous conduct" as defined in R.C. 2323.51(A)(2) for the following reasons:

"The Court makes a further finding that Defendant's conduct was frivolous, pursuant to Ohio Revised Code Section 2323.51. It is this Court's opinion that the Defendant had an obligation to notify counsel for Plaintiff of the filing of this answer and counter-claim and his election to not participate in the trial of this action. As a result, Plaintiff incurred the expense of traveling from an out-of-state destination and having to pay her attorney fees for her appearance at the August 1st hearing. Defendant, through counsel, knew that the mailing of the answer, in all probability, would never reach counsel for Plaintiff, and that counsel would make his appearance with his client under these circumstances. In this Court's opinion, that is 'taking any other action

in connection with a civil action' as defined in Ohio Revised Code Section 2323.51(A)(1) and it serves 'merely to harass' the Plaintiff as perceived in Ohio Revised Code Section 2323.51(A)(2)(a)."

We are persuaded that the trial court erred in determining that appellant had an "obligation to notify counsel for Plaintiff" of the filing of his counterclaim and his election not to participate in the scheduled August 1, 1990 trial on appellee's complaint for forcible entry and detainer. Any . defense in a forcible entry and detainer action may be asserted at trial. R.C. 1923.061.[3] Therefore, appellant had no obligation to orally notify appellee of his filing of the counterclaim one day prior to trial. Indeed, appellant would have been legally justified pursuant to R.C. 1923.061 in waiting until trial to have asserted his counterclaim. Moreover, appellant was not precluded from resting on his counterclaim and jurisdictional objection at the August 1, 1990 trial. It was appellant's counsel's uncontroverted assertions at the new trial motion hearing that he would have participated in the August 1, 1990 trial but for the unexpected length of a jury trial in which he was participating.

Finally, we note that the trial court eventually determined that appellant's objections to the lack of jurisdiction over the action as a result of appellant's counterclaim were meritorious when it decided to transfer the case to the common pleas court. Under the foregoing limited circumstances, we hold that neither appellant's nor his counsel's actions obviously served merely to harass or maliciously injure appellee or were unwarranted under existing law. In other words, although appellant's counsel's conduct was extremely lacking of professional courtesy, it did not constitute frivolous conduct pursuant to R.C. 2323.51(A)(2), and the trial court abused its discretion in so holding.

█ Assuming, *arguendo*, that appellant or his counsel's conduct constituted frivolous conduct, we are still unpersuaded that the trial court's award was proper. The trial court determined that its hearing on appellant's motion for new trial substantially complied with the procedure set forth in R.C. 2323.-51(A)(2). This section provides as follows:

"An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action, but only after the court does all of the following:

"(a) Sets a date for a hearing to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was

---

3. Even were the Rules of Civil Procedure to apply, appellant filed his answer well within the required twenty-eight days of service of the summons and complaint upon him. Civ.R. 12(A)(1).

adversely affected by it, and to determine, if an award is to be made, the amount of that award;

"(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party allegedly adversely affected by frivolous conduct;

"(c) Conducts the hearing described in division (B)(2)(a) of this section, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct in question was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made."

██ R.C. 2323.51 provides that the trial court may award attorney fees only after conducting a hearing that allows the parties to present evidence in support or opposition to such award; it is essential that the trial court conduct a hearing in order to make a factual determination of whether there existed frivolous conduct and whether the party bringing the motion was adversely affected by such conduct. *Dreger v. Bundas* (Nov. 15, 1990), Cuyahoga App. No. 57389, unreported, 1990 WL 178193. At the time the hearing on appellant's new trial motion was held, no motion for sanctions had been filed. See Graham, *supra*, at 31, regarding preclusion of courts from raising R.C. 2323.51 sanctions issue *sua sponte*. Moreover, the notice for the hearing indicated that only appellant's new trial motion would be considered. Furthermore, there was no evidence introduced at the hearing regarding either attorney fees or travel expenses. Considering the foregoing, the trial court did not substantially comply with the requirements of R.C. 2323.51(A)(2). The fact that appellee subsequently filed a Civ.R. 11 motion for sanctions and included attached sheets concerning attorney fees and travel expenses did not act to "cure" such noncompliance, since R.C. 2323.51(A)(2) requires an evidentiary hearing rather than a decision based on briefs and affidavits of counsel. Graham, *supra*, at 32.

██ Additionally, we note that under the Frivolous Conduct Statute, attorney fees are the only sanction available. R.C. 2323.51(B)(1); Graham, *supra*, at 31. In that the trial court also awarded appellee her travel expenses incurred as a result of the August 1, 1990 trial, it committed prejudicial error.

██ Appellee seems to argue that sanctions were justified pursuant to Civ.R. 11. Although the trial court never appeared to rely on Civ.R. 11 in imposing sanctions expressly pursuant to R.C. 2323.51(B)(1) in the case at bar,

we are aware that a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof. *Joyce v. General Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174–175. The purpose of Civ.R. 11 is to deter pleading and motion abuses and to assure the court that a pleading was filed in good faith, with good grounds to support it. *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 169, 561 N.E.2d 1001, 1004; *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 213, 24 OBR 388, 390–391, 494 N.E.2d 1160, 1163–1164. As we indicated previously, appellant's counterclaim was filed in accordance with the applicable law, R.C. 1923.061, and was ultimately determined by the trial court to be meritorious. The conduct that the trial court found offensive was appellant's counsel's conduct *outside* the pleadings, *i.e.*, his failure to notify appellee. Additionally, the award entered by the trial court, which essentially imposed sanctions on appellant for his counsel's conduct, cannot be supported by Civ.R. 11, since, unlike R.C. 2323.51, it authorizes sanctions only against attorneys, not parties. *First Michigan Bank & Trust Co. v. P. & S. Building* (Feb. 16, 1989), Meigs App. No. 413, unreported, 1989 WL 11915; Graham, *supra*, at 34.

Accordingly, for all of the foregoing reasons, the trial court abused its discretion in imposing sanctions against appellant pursuant to R.C. 2323.-51(B)(1) where neither appellant nor his counsel's actions in connection with the civil case constituted frivolous conduct and where the trial court failed to comply with the requirements of R.C. 2323.51.[4] Appellant's first and second assignments of error are sustained, and the judgment of the trial court is reversed.

*Judgment reversed.*

Peter B. Abele and Stephenson, JJ., concur.

_____

4. We note that assuming, *arguendo,* that R.C. 2323.51 had been satisfied in the case at bar, it would have been equitably preferable for the trial court to have imposed the sanctions against appellant's counsel rather than appellant, R.C. 2323.51(B)(4), where the record fails to indicate any frivolous conduct on the part of appellant.