DECISION AND JUDGMENT ENTRY
This case on our accelerated calendar is before the court on appeal from the Lucas County Court of Common Pleas, Probate Division, which denied appellant Sarah L. Hall's motion for counsel fees, court costs, and other litigation-related expenses. Appellant raises two assignments of error for our consideration:
 "A. THE TRIAL COURT ERRED IN FAILING TO FIND THAT ATTORNEY HEBAN ENGAGED IN `FRIVOLOUS CONDUCT' UNDER R.C. 2323.52(A) (2)[(b)].
 "B. THE TRIAL COURT ERRED IN FAILING TO FIND THAT ATTORNEY HEBAN VIOLATED RULE 11 OF THE OHIO RULES OF PROCEDURE."
We shall discuss the two assignments of error together.
Appellant alleged in her motion for counsel fees that appellee's attorney had engaged in frivolous conduct in violation of R.C.2323.51(A)(2)(b)and Civ.R. 11. R.C. 2323.51(A)(2)(a)(ii), as it read at the time the complaint was filed, is analogous to former R.C.2323.51(A)(2)(b), to which appellant refers. R.C. 2323.51(A)(2)(a)(ii) provides:
"(2) `Frivolous conduct' means either of the following:
 "(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies either of the following:
"* * *.
 "(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
Civ.R. 11 provides:
 "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, telefax number, if any, and business e-mail address, if any, shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted."
A trial court has discretion to decide whether a party or an attorney has engaged in frivolous conduct, and the trial court's determination on such an issue will not be reversed absent an abuse of discretion.Shaffer v. Mease (1991), 66 Ohio App.3d 400, 407; Lambrecht v. Sampson
(Mar. 2, 2001), Lucas App. No. L-00-1144. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
Appellee has contended throughout these proceedings that a transfer of real estate from the decedent's husband (who predeceased decedent) to appellant may have been fraudulent, and appellee made this discovery upon the decedent's death in 1999, when she learned of the transfer. Because the lawsuit was filed in 2000, appellee argued that the statute of limitations had not expired. Further, appellee contended that if the transfer from the decedent's husband to appellant was fraudulent, the property would return to the decedent's estate to be divided among the decedent's next of kin. Appellee has not argued, as appellant contends, that the decedent, herself, conveyed the property, and it is clear that the issue in this case is not about dower rights, as appellant contends.
The parties appear to agree that the governing statute of limitations is the four year limitations period set out in R.C. 2305.09, which, on its face, provides a "discovery rule." Clearly, the lawsuit was filed within four years of the time appellee claims that she discovered the possibility of fraud. According to appellant, however, existing law holds that a party "discovers" fraud relating to an instrument at the time that the instrument was signed. (In this case, the decedent signed away her dower rights on the deed in question in 1988.) In the two cases cited by appellant, however, the parties claiming fraud were also the parties who signed the instrument. See Robinson v. Robinson (Nov. 21, 1997), Lucas App. No. L-97-1131, appeal dismissed (1998), 81 Ohio St.3d 1468; Seitz v.Stevenson (June 16, 1998), Pickaway App. No. 97 CA 42, discretionary appeal not allowed (1998), 84 Ohio St.3d 1411. Clearly, the facts of the instant case are different. Here, appellee was not a signatory to the deed in question and thus would not necessarily know of the possibility of fraud at the time the decedent signed the deed.
Because we find that appellee raised a good faith argument that the statute of limitations had not expired, we find that the trial court did not abuse its discretion in finding that appellee's counsel did not engage in frivolous conduct in violation of R.C. 2323.51(A)(2)(a)(ii) or Civ.R. 11. Accordingly, both of appellant's assignments of error are found not well-taken.
On consideration whereof, we find that substantial justice has been done the party complaining, and the decision of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.