JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Winkler Building Partnership, appeals the judgement of the Cuyahoga County Court of Common Pleas, General Division, relative to its action for breach of contract and trespass commenced against appellee, Fairview Shopping Center Corporation. For the reasons discussed below, we reverse the decision of the trial court and remand for further proceedings.
 {¶ 2} Appellant, Winkler Building Partnership ("Winkler"), was the owner of real property located at 149 East Liberty Street in Wooster, Ohio. Edgar Winkler, the partnership's managing partner, executed a real estate sales agreement in 1986 with Fairview Shopping Center Corporation ("Fairview") wherein the property in question would be sold to Fairview for $191,000 plus interest, subject to a purchase money mortgage. Said mortgage would be due and payable on June 30, 2001.
 {¶ 3} Appellant Winkler filed a complaint against Fairview alleging breach of contract and trespass on July 16, 2002, but failed to attach the original contract. On October 30, 2002, the trial court granted Fairview's motion for a more definite statement, and on December 29, 2002, Winkler submitted its first amended complaint, including the contract in question. Appellant subsequently filed a notice of voluntary dismissal pursuant to Civ.R. 41(A) when it was discovered that the contract contained "non-recourse" language.[1] Fairview then filed a motion for attorney's fees under R.C. 2323.51, which the trial court granted without a hearing.
 {¶ 4} Appellant presents two assignments of error for our review.
 {¶ 5} "I. The trial court prejudicially erred to the detriment of the appellant by granting appellee's motion for an award of attorney's fees pursuant to R.C. 2323.51."
 {¶ 6} "II. The trial court erred when it granted appellee's motion for attorney's fees without holding a hearing."
 {¶ 7} A trial court may award attorney's fees for frivolous conduct where: (1) a court exercises its "inherent power to do all things necessary to the administration of justice and to protect [its] own powers and processes;" (2) there is a violation of Rule 11 of the Ohio Rules of Civil Procedure; and (3) Section 2323.51 of the Ohio Revised Code is invoked. Ceol v. Zion Indus., Inc. (1992), 81 Ohio App.3d 286,289, quoting Slabinski v. Servisteel Holding Co. (1986),33 Ohio App.3d 345, 346. A court of appeals reviews an award of attorney's fees for abuse of discretion. Riley v. Langer (1994),95 Ohio App.3d 151, 159. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 8} R.C. 2323.51 permits an award of attorney's fees as a sanction for frivolous conduct. "Frivolous conduct" is defined as the "filing of an action, assertion of a claim, defense, or other position, or the taking of any other action in connection with a civil action that either:
 {¶ 9} "(a) * * * obviously serves merely to harass or maliciously injure another party to the civil action; [or]
 {¶ 10} "(b) * * * is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2).
 {¶ 11} This section provides that "the trial court may award attorney['s] fees only after conducting a hearing that allows the parties to present evidence in support or opposition to such award." Shaffer v.Mease (1991), 66 Ohio App.3d 400, 409, citing Dreger v. Bundas (Nov. 15, 1990), Cuyahoga App. No. 57389 (emphasis added). The hearing is required so that the trial court can "make a factual determination of whether there existed frivolous conduct and whether the party bringing the motion was adversely affected by such conduct." Id. See also Pisani v. Pisani
(1995), 101 Ohio App.3d 83; First Place Bank v. Stamper, Cuyahoga App. No. 80259, 2002-Ohio-3109.
 {¶ 12} In the instant case, the trial court granted Appellee's motion for attorney's fees without conducting the hearing mandated by statute. We find that the failure to comply with the procedural mandates of R.C. 2323.51 is an abuse of the trial court's discretion. A court may not award sanctions without first holding a hearing to allow parties to present evidence in support of or in opposition to an award of attorney fees and the amount of the award. Id., Simpson v. Sexton (Aug. 7, 2000), Licking App. No. 99-CA-77. Thus, appellant's second assignment of error has merit and is sustained.
 {¶ 13} We are, therefore, compelled to reverse this matter so that the trial court may hold a hearing pursuant to R.C. 2323.51 in regard to the award and amount of attorney's fees. In doing so, we render appellant's first assignment of error moot.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia A. Blackmon, P.J., and Anthony O. Calabrese, Jr., J., concur.
[1] Section 15 of the contract in question contains the following provisions:
"Failure of Performance: If Seller fails to perform any of Seller's obligations under this Agreement, in addition to any other remedies in law or in equity available to Buyer, Buyer shall be entitled to the immediate return of all money deposited in escrow or with Seller plus (i) any amount paid by Buyer pursuant to Section 12(B) hereof, and (ii) an amount equal to the costs chargeable to Seller pursuant to Section 12(a) hereof. If Buyer fails to perform any of Buyer's obligations under this Agreement, Seller shall retain all money deposited in escrow or with Seller, as stipulated liquidated damages, and both parties shall be relieved of all further liability hereunder."