DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court sua sponte. Denise Khalil filed a complaint against Auto-Owners Insurance Company in the Small Claims Division of the Toledo Municipal Court to recover money due on an account. Auto-Owners filed a motion to transfer the case to the General Division of the Toledo Municipal Court. The motion to transfer was denied and Auto-Owners filed this appeal. The order is not final and appealable and we have no jurisdiction to hear this appeal.
 {¶ 2} R.C. 2505.02 defines what is a final, appealable order and states, in pertinent part: *Page 2 
 {¶ 3} "(A) As used in this section:
 {¶ 4} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 5} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 6} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86
of the Revised Code, a prima-facie showing pursuant to section 2307.92
of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
 {¶ 7} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 8} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 9} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 10} "(3) An order that vacates or sets aside a judgment or grants a new trial; *Page 3 
 {¶ 11} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 12} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 13} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 14} In Columbus Business Syst. Inc. v. Fair (1981),1 Ohio App.3d 79, the court states:
 {¶ 15} "The order of the Franklin County Municipal Court transferring the case from the Small Claims Division to the regular docket of the court does not fit any definition of a final order and, thus, is not appealable."
 {¶ 16} Likewise, an order denying such a transfer does not fit any of the definitions of the statute. It does not prevent a judgment in appellant's favor, it was not made in a special proceeding, it does not vacate or set aside a judgment or grant a new trial, and it does not grant or deny a provisional remedy since the decision whether to transfer the case is not ancillary to the main action, and even if it were, Auto-Owners has an adequate remedy by appealing the denial of its motion to transfer once the case has concluded. *Page 4 
 {¶ 17} This court only has jurisdiction to hear appeals from final orders. See Section 3(B)(2), Article IV of the Ohio Constitution.
 {¶ 18} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *."
 {¶ 19} Accordingly, the court orders this appeal dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J. and Thomas J. Osowik, J., CONCUR. *Page 1