DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Carter Lumber Development Company, appeals from a decision of the Norwalk Municipal Court granting the motion of appellee, Michael A. Rang, for sanctions, attorney fees and prejudgment interest. Finding no abuse of discretion, we affirm.
 {¶ 2} This case began in 2005, when appellee sued Carter Lumber for breach of contract alleging that Carter Lumber failed to deliver certain building materials that *Page 2 
appellee had ordered. On June 23, 2006, the trial court found for appellee in the amount of $10,415.66. On June 30, 2006, Carter Lumber filed a notice of appeal.
 {¶ 3} On July 21, 2006, appellee filed a "motion for attorney fees, costs and prejudgment interest." Appellee alleged that Carter Lumber had engaged in frivolous conduct. Specifically, appellee alleged that Carter Lumber had submitted an affidavit containing material, false statements in support of its motion for summary judgment and that Carter Lumber purposely withheld discovery information from appellee.
 {¶ 4} This court affirmed the trial court's June 23, 2006 decision on June 29, 2007, in Rang v. Carter Lumber Dev. Co, 6th Dist. No. H-06-025,2007-Ohio-3314.
 {¶ 5} A hearing on appellee's motion for fees, cost and prejudgment interest commenced on September 14, 2007. On September 28, 2007, the trial court granted appellee's motion awarding attorney fees in the amount of $6,279.20 and prejudgment interest in the amount of $3,645.83. Carter Lumber now appeals setting forth the following assignments of error:
 {¶ 6} "I. The trial court erred, to the prejudice of Carter Lumber, by finding that it violated Ohio Rev. Code Sec. 2323.51.
 {¶ 7} "II. The trial court erred to the prejudice of Carter Lumber, by finding that Mr. Rang proved his attorney's fees due under Ohio Rev. Code Sec. 2323.51 amounted to $6,279.20.
 {¶ 8} "III. The trial court erred to the prejudice of Carter Lumber by finding that Mr. Rang was entitled to pre-judgment interest." *Page 3 
 {¶ 9} The general rule in Ohio is that parties to civil litigation must pay their own attorney fees, unless otherwise provided by statute, or unless the prevailing party can demonstrate that the other party acted in bad faith. State ex rel. Crockett v. Robinson (1981),67 Ohio St.2d 363; Ceol v. Zion Indus., Inc. (1992), 81 Ohio App.3d 286, 289. Bad faith usually refers to the filing of a frivolous complaint, in which case the party forced to defend the frivolous claim may seek attorney fees under R.C. 2323.51. In its first assignment of error, Carter Lumber contends that the trial court erred in finding that it had engaged in frivolous conduct as defined in R.C. 2323.51. R.C. 2323.51(A)(2)(a) defines frivolous conduct as conduct of a litigant that satisfies any of the following:
 {¶ 10} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 {¶ 11} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
 {¶ 12} "(iii) The conduct consists of allegations or other factual contentions have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
 {¶ 13} "(iv) The conduct consists of denials or factual contentions are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief." *Page 4 
 {¶ 14} An award of attorney fees under R.C. 2323.51 is a matter within the discretion of the trial court. Shaffer v. Mease (1991),66 Ohio App.3d 400, 407. Therefore, we review a decision to grant or to deny a request for attorney fees pursuant to R.C. 2323.51 under an abuse of discretion standard. Patton v. Ditmyer, 4th Dist. Nos. 05CA12, 05CA21, 05CA22, 2006-Ohio-7107, ¶ 73. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 15} The trial court's finding that Carter Lumber violated R.C. 2323.51 is based on the affidavit of Tom Ostrander, a district manager for the Carter Lumber store where the transaction at issue took place. Carter Lumber submitted Ostrander's affidavit in 2005, in support of its motion for summary judgment. In its motion for summary judgment, Carter Lumber alleged that appellee received all of the goods that he ordered. In the affidavit, Ostrander swore that he was knowledgeable of all matters involved in appellee's claim. He averred that appellee's exhibit No. 1, the original customer copy of his receipt with a notation showing that appellee paid for his materials, was not signed by anyone employed with Carter Lumber. He further averred that appellee returned some of the materials listed on his receipt and that appellee received a refund on September 8, 2000.
 {¶ 16} Later, after his affidavit was submitted in 2005, Ostrander testified in a 2006 deposition that he was not even employed by Carter Lumber until 2003, some three years after appellee's cause of action arose. Moreover, the record shows that Ostrander *Page 5 
never spoke with appellee or other employees involved with the transaction at issue. Yet, in his affidavit, he swore that he was personally knowledgeable of all matters pertaining to the transaction at issue. In that Ostrander's false statements, lacking evidentiary support, were knowingly submitted to show there was no genuine issue of material fact, we conclude that the trial court did not abuse its discretion in finding that Carter Lumber's conduct in submitting the affidavit was frivolous, causing unnecessary delay and increased litigation costs.
 {¶ 17} Carter Lumber argues, in the alternative, that absent Ostrander's affidavit, it still had a good faith defense in its statute of limitations argument which it had presented to the trial court in a motion to dismiss. As such, its actions in this case cannot be deemed entirely frivolous. Carter Lumber argued that appellee's 2005 complaint was untimely as it was filed outside the four year statute of limitations for breach of contract actions. (See Carter Lumber's "[M]otion to convert motion to dismiss to summary judgment" filed December 30, 2005). The trial court denied Carter Lumber's motion to dismiss finding that appellee's cause of action accrued in 2003, the year Carter Lumber failed to deliver the materials.
 {¶ 18} Carter Lumber's alternative argument fails in that the record shows it based its statute of limitations argument solely on Ostrander's affidavit which purportedly showed that appellee's cause of action accrued in 2000, the year appellee ordered his materials. Having already determined that Carter Lumber's conduct in submitting *Page 6 
Ostrander's affidavit was frivolous, Carter Lumber's alternative argument is without merit. Accordingly, Carter Lumber's first assignment of error is found not well-taken.
 {¶ 19} In its second assignment of error, Carter Lumber contends that appellee failed to prove that his attorney fees amounted to $6,279.20.
 {¶ 20} R.C. 2323.51(B)(5) provides that any party who may be awarded reasonable attorney fees, and such party's counsel, may submit an itemized list or other evidence of the legal services necessitated by the conduct at issue, as well as evidence of the time so spent and the fees incurred for those services.
 {¶ 21} In this case, appellee's counsel submitted, into evidence, an itemized list of the services he provided to appellee in litigating his case and fees incurred as a result. Carter Lumber did not object to the calculations; rather, Carter Lumber continued to maintain that its conduct was not frivolous. Having already determined that the court did not abuse its discretion in finding Carter Lumber's conduct to be frivolous, and, given the fact that appellee's counsel submitted his itemized bill into evidence, Carter Lumber's second assignment of error is found not well-taken.
 {¶ 22} In its third assignment of error, Carter Lumber contends that the trial court erred in finding that appellee was entitled to prejudgment interest because such an award is not provided for in R.C. 2323.51.
 {¶ 23} In Landis v. Grange Mutual Insurance Co. (1998),82 Ohio St.3d 339, the Ohio Supreme Court left discretion for determining prejudgment interest to trial courts in order to assure that the aggrieved party is made whole. Id. at 341-342. "Absent a clear *Page 7 
abuse of that discretion, the lower court's decision in the matter should not be reversed." Mobberly v. Hendricks (1994),98 Ohio App.3d 839, 845.
 {¶ 24} This matter arose as a result of a breach of contract claim. Awards of prejudgment interest as to claims arising out of a breach of contract are allowed pursuant to R.C. 1343.03(A). Carter Lumber's third assignment of error is found not well-taken.
 {¶ 25} On consideration whereof, the judgment of the Norwalk Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 8 
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1